11-3799-cv
Appel v. Spiridon et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand thirteen.

PRESENT: JOHN M. WALKER, Jr.,
        RICHARD C. WESLEY,
        PETER W. HALL,
            *Circuit Judges.*

_____

ROSALIE APPEL,

           *Plaintiff-Appellee,*

    -v.-                           11-3799-cv

CHARLES P. SPIRIDON, LINDA VADEN-GOAD, LINDA RINKER,

           *Defendants-Appellants.*

_____

FOR APPELLANT:    JOHN R. WILLIAMS, New Haven, CT.

FOR APPELLEE:    BETH Z. MARGULIES, Assistant Attorney General, *for* George Jepsen, Attorney General of the State of Connecticut, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the District of Connecticut be **AFFIRMED IN PART AND REVERSED IN PART.**

Defendants-Appellants Linda Rinker, Linda Vaden-Goad, and Charles Spiridon appeal from the district court's denial of qualified immunity in favor of plaintiff-appellee Rosalie Appel, embodied in the court's Memorandum and Order dated August 18, 2011.  Among other things, Appel claimed that defendants retaliated against her for bringing a lawsuit, in violation of Title VII of the Civil Rights Act of 1964, and that they violated her Fourteenth Amendment substantive due process right to privacy.  On defendants' motion for summary judgment, the district court denied qualified immunity with regard to these claims.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We have jurisdiction to hear this interlocutory appeal because "a district court's denial of a claim of qualified immunity, to the extent it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."

2

*Mitchell v. Forsyth*, 472 U.S. 511, 539 (1985). "This is so even where the denial is in the context of a motion to dismiss or for summary judgment." *Luna v. Pico*, 356 F.3d 481, 486 (2d Cir. 2004) (citations omitted). "This Court reviews *de novo* a district court's decision 'denying a government official's motion for summary judgment on the basis of qualified immunity.'" *Id.* (quoting *Cerrone v. Brown*, 246 F.3d 194, 198 (2d Cir. 2001)).

Appel's first claim is that defendants retaliated against her for filing this lawsuit by subjecting her to an escalating series of disciplinary measures. Defendants do not dispute, for purposes of this appeal, that Appel successfully established a *prima facie* case of discrimination. Instead, they maintain that the district court incorrectly applied *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977), which provides that "even if there is evidence that the adverse employment action was motivated in part by protected speech, the government can avoid liability if it can show that it would have taken the same adverse action in the absence of the protected speech." *Heil v. Santoro*, 147 F.3d 103, 110 (2d Cir. 1998).

3

The district court, however, correctly construed this standard to indicate that the "controlling question" was "whether defendants can show indisputably that they would have taken the same adverse actions, namely implementation and enforcement of the [remediation plan] and the resulting progressive discipline against Appel, even in the absence of her protected speech." *Appel v. Spiridon*, Nos. 06 cv 1177, 07 cv 1237, 2011 WL 3651353, at *12 (D. Conn. Aug. 18, 2011). For essentially the same reasons stated by the district court, we agree that a question of fact exists as to whether the defendants' treatment of Appel after she filed her 2006 lawsuit, including the manner in which the remediation plan was implemented and enforced, was motivated by legitimate reasons or impermissible retaliation. We therefore affirm the district court's denial of qualified immunity on Appel's First Amendment claim.

Appel's second claim is that defendants violated her right to privacy by requesting that she show them her medical records in connection with a psychiatric examination she was required to undergo to continue teaching. We have held that invading or intending to invade the privacy of an employee's medical or mental health records will violate the

4

employee's Fourteenth Amendment right to substantive due process if the employer's intent is to "injure or to spite" the plaintiff. *O'Connor v. Pierson*, 426 F.3d 187, 203 (2d Cir. 2005). Although "bare allegations of malice coupled with otherwise legitimate government action [generally] do not yield a viable constitutional claim[,] . . . where a more specific intent is actually an element of the plaintiff's claim as defined by clearly established law, it can never be objectively reasonable for a government official to act with the intent that is prohibited by law." *Locurto v. Safir*, 264 F.3d 154, 169 (2d Cir. 2001) (citing *Crawford-El v. Britton*, 523 U.S. 574, 587-88 (1998)).

The district court therefore properly focused its inquiry on whether there was "genuine issue of material fact whether the defendants sought access to Appel's [records] out of a mistaken belief that they were entitled to them as a means of assessing her ability to continue in her duties, or whether the defendants were seeking ways to discredit and injure Appel." *Appel*, 2011 WL 3651353, at *18 (D. Conn. Aug. 18, 2011). In our view, however, the court clearly misconstrued testimony given by Rinker and Vaden-Goad at a preliminary injunction hearing to support the inference that

5

defendants intended to view the content of the psychiatric evaluation they had ordered for Appel.  Appel was not required, or even requested, to "sign a broad medical-records release form."  *Cf. O'Connor*, 426 F.3d at 201.  Ultimately, there is no evidence that defendants were seeking to review the content of the psychiatric evaluation or to inspect Appel's medical or mental health records themselves.  Rather, they merely sought to have a psychiatrist determine Appel's fitness for duty.  We conclude there was insufficient evidence for a jury to conclude that defendants had the required state of mind to violate Appel's substantive due process right to privacy.  We therefore reverse the district court's denial of qualified immunity on Appel's substantive due process claim.

Finally, Rinker argues that the district court lacked personal jurisdiction over her with respect to the latter claim because she was dismissed from the first of Appel's two lawsuits and was never properly added as a defendant after the cases were consolidated.  We need not reach this issue, however, because we have concluded that Rinker would be entitled to qualified immunity on Appel's substantive due process claim.

We have considered defendants' remaining arguments and find them to be without merit.  For the foregoing reasons, the district court's denial of qualified immunity is hereby **AFFIRMED IN PART AND REVERSED IN PART.**  We remand for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk